**Robbins Geller Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

February 3, 2021

<u>VIA ECF</u>

The Honorable Mary Kay Vyskocil
United States District Court
Southern District of New York
500 Pearl Street, Room 2230
New York, NY 10017

    Re:    *John R. Erickson v. Jernigan Capital, Inc. et al.*,
              <u>Civil Action No. 1:20-cv-09575-MKV</u>

Dear Judge Vyskocil:

       We represent Plaintiff John R. Erickson in this matter. After conferring with counsel for defendants, we respectfully ask the Court to grant Mr. Erickson's: (i) revised [Proposed] Order appointing Mr. Erickson as Lead Plaintiff, appointing his selection of counsel as Lead Counsel, and consolidating related matters; and (ii) a revised Joint Scheduling Stipulation and [Proposed] Order, which sets a schedule for an amended complaint and motion to dismiss briefing. We are submitting revised versions of these earlier-filed proposed orders and scheduling stipulation in light of the Order issued by the Honorable Edgardo Ramos' on January 14, 2021. [Dkt. 23].

       This case is a securities class action governed by the Private Securities Litigation Reform Act of 1995 ("PSLRA"). 15 U.S.C. §78u-4, *et seq*. The claims arise from the acquisition of Jernigan Capital, Inc. ("Jernigan") by affiliates of NexPoint Advisors LP, which acquired all outstanding common shares of Jernigan pursuant to allegedly misleading federal proxy filings (the "Merger").

       As reflected in Mr. Erickson's earlier filings [Dkt. 19, 22], Mr. Erickson's timely-filed motion satisfies the requirements of the PSLRA. Mr. Erickson filed a complaint in this District and timely moved the Court for appointment. He has the largest financial interest in this matter of any movant, satisfies the applicable elements of Rule 23, has retained competent counsel, and otherwise intends to continue vigorously litigating this matter. A consolidation order, under Fed. R. Civ. P. 42, is likewise merited here and will facilitate the litigation in a single class action of all federal securities claims arising from the Merger and based upon the same allegedly misleading proxy filings.

       Mr. Erickson timely filed his motion for lead plaintiff appointment in this action, as well as in an earlier filed action before Judge Ramos, *Pollack v. Jernigan Capital Inc. et al.*, Civil Action No. 1:20-cv-7160-ER (S.D.N.Y.). Mr. Erickson filed on both dockets in an abundance of caution necessitated by the *Pollack* plaintiff's voluntary dismissal just days before the motions were due

**Robbins Geller Rudman & Dowd LLP**

The Honorable Mary Kay Vyskocil
February 3, 2021
Page 2

under the statute.[1]  Facing that circumstance – a statutory motion deadline in a class action dismissed as to the named plaintiff – Mr. Erickson took the prudent course, filing his own complaint and submitting motions in both cases.  Thereafter, on behalf of Mr. Erickson, the undersigned counsel negotiated a scheduling stipulation with defendants' counsel and likewise submitted the stipulation in both the *Pollack* and *Erickson* actions.

On January 14, 2021, Judge Ramos issued an Order denying the motions pending in the first-filed *Pollack* action because "pursuant to Plaintiff Pollack's notice of voluntary dismissal[,] Case No. 18-cv-7160-ER is [] closed."  [Dkt. 23].  Given the foregoing Order, Plaintiff Erickson now respectfully asks Your Honor to grant his motion for lead plaintiff appointment in the *Erickson* action, and likewise requests the Court's approval of the schedule agreed upon with defendants.

To that end, and in light of Judge Ramos' Order, Mr. Erickson respectfully submits: (i) a revised [Proposed] Order appointing Mr. Erickson as Lead Plaintiff, appointing his selection of counsel as Lead Counsel, and consolidating related matters; and (ii) a revised Joint Scheduling Stipulation and [Proposed] Order, which are being filed separately.  We have conferred with counsel for defendants, who take no position concerning Mr. Erickson's motion and have otherwise agreed to and executed the revised scheduling stipulation.  We therefore respectfully ask the Court to grant both.

We thank the Court for its attention to this matter.

Respectfully submitted,

*/s/ Noam Mandel*

Noam Mandel

cc:   Matthew DiRisio (*via email*)

---

[1]  *Pollack* was commenced on September 2, 2020, and, pursuant to the PSLRA, counsel for that plaintiff issued a public notice of that action's filing on September 17, 2020, triggering a deadline of November 16, 2020, to seek lead plaintiff appointment under the statute.  *See* Exhibit A to the Declaration of Noam Mandel [Dkt. 20]; 15 U.S.C. §78u-4(a)(3)(A)(i)(II) ("not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.").  Shortly before the November 16, 2020 deadline, the plaintiff in the *Pollack* action filed a Notice of Voluntary Dismissal concerning only his own claims.  That dismissal could not – and did not purport to – impact the rights of absent class members, including with respect to their right to seek lead plaintiff appointment by November 16, 2020, under the PSLRA.