UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re JERNIGAN CAPITAL, INC. SECURITIES LITIGATION | Master File No. 1:20-cv-09575-JLR-KHP <br><br> CLASS ACTION |
| This Document Relates To: <br><br> ALL ACTIONS. | ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AN AWARD TO LEAD PLAINTIFF PURSUANT TO 15 U.S.C. §78u-4(a)(4) |

This matter having come before the Court on May 29, 2025, on the motion of Lead Counsel for an award of attorneys' fees and expenses and an award to Lead Plaintiff (the "Fee Motion"), the Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this Action to be fair, reasonable and adequate, and otherwise being fully informed of the premises and good cause appearing therefore; For the reasons set forth on the record at the May 29, 2025 conference:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement dated February 7, 2025 (the "Stipulation"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction to enter this Order, over the subject matter of this Action, and over all of the Parties and all Class Members.

3. Notice of the Fee Motion was given to all Class Members who could be located with reasonable effort. The form and method of notifying the Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all Persons entitled thereto.

4. Lead Counsel is hereby awarded attorneys' fees of 33⅓% of the Settlement Amount, plus interest at the same rate earned by the Settlement Fund. Lead Counsel is also awarded litigation expenses in the amount of $197,475.91, plus interest at the same rate earned by the Settlement Fund, which is payable to Lead Counsel upon entry of this Order. The Court finds that the amount of fees awarded is fair, reasonable, and appropriate under the "percentage-of-recovery" method.

5.  In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Second Circuit and found that:

(a) the Settlement has created a fund of $12,000,000 in cash, pursuant to the terms of the Stipulation, and Class Members will benefit from the Settlement created by the efforts of Lead Counsel;

(b) the fee sought by Lead Counsel has been reviewed and approved as reasonable by Lead Plaintiff, who oversaw the prosecution and resolution of the Action;

(c) over 9,900 copies of the Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees in an amount not to exceed 33⅓% of the Settlement Amount and for expenses in an amount not to exceed $225,000, plus interest on both amounts, and no objections to the fees or expenses were filed by Class Members;

(d) Lead Counsel expended substantial time and effort pursuing the Action on behalf of the Class;

(e) Lead Counsel pursued the Action on a contingent basis;

(f) the claims against Defendants involve complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g) had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from the Defendants;

(h) Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(i) public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

- 3 -

    (j)  the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases.

  6.  Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards $10,000 to Lead Plaintiff John R. Erickson for the time he spent representing the Class.

  7.  Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

  8.  In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Stipulation, this Order shall be rendered null and void to the extent provided in the Stipulation and shall be vacated in accordance with the Stipulation.

  IT IS SO ORDERED.

DATED:  May 29, 2025      _____
                  THE HONORABLE JENNIFER L. ROCHON
                  UNITED STATES DISTRICT JUDGE