UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re JERNIGAN CAPITAL, INC. SECURITIES LITIGATION | Master File No. 1:20-cv-09575-JLR-KHP <br><br> <u>CLASS ACTION</u> |
| This Document Relates To: <br><br> ALL ACTIONS. | FINAL JUDGMENT APPROVING CLASS ACTION SETTLEMENT |

WHEREAS, the Court is advised that the Parties,[1] through their counsel, have agreed, subject to Court approval following notice to the Class and a hearing, to settle the above-captioned action, *In re Jernigan Capital, Inc. Securities Litigation*, No. 1:20-cv-09575-JLR-KHP, upon the terms and conditions set forth in the Stipulation of Settlement, dated February 7, 2025 (the "Stipulation" or "Settlement");

WHEREAS, on February 19, 2025, this Court held a hearing to determine: (i) whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation are fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) whether a Final Judgment, as provided in ¶1.13 of the Stipulation, should be entered; (iii) whether the proposed Plan of Allocation should be approved; (iv) whether and in what amount to award Lead Counsel fees and costs, charges, and expenses; and (v) whether and in what amount to grant an award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) in connection with Lead Plaintiff's representation of the Class;

WHEREAS, the Court has considered all matters submitted to it at the hearing and otherwise;

WHEREAS, it appears that a notice of the hearing, substantially in the form approved by the Court on February 19, 2025 (the "Notice"), was provided to all Persons, reasonably identifiable, who: held Jernigan common stock on September 11, 2020, the record date for the Transaction, and sold shares for $17.30 in the Transaction (the "Class"), as shown by the records provided to and compiled by the Claims Administrator in connection with its providing of the Notice, at the respective addresses set forth in such records, and that a Summary Notice, substantially in the form approved by the Court on February 19, 2025, was published pursuant to the Order Granting Preliminary Approval of Settlement Pursuant to Fed. Civ. P. 23(e)(1) and Permitting Notice to the

---

[1] As used herein, the term "Parties" means: (a) Lead Plaintiff John R. Erickson; and (b) Defendants Jernigan Capital, Inc., n/k/a NexPoint Storage Partners, Inc., John A. Good, Mark O. Decker, James Dondero, Howard A. Silver, Harry J. Thie, and Rebecca Owen.

Class ("Preliminary Approval Order") as set forth in the Declaration of Ross D. Murray, and the Supplemental Declaration of Ross D. Murray;

WHEREAS, the Court has considered and determined the fairness and reasonableness of the award of attorneys' fees and costs, charges, and expenses requested by Lead Counsel and the request for an award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) in connection with Lead Plaintiff's representation of the Class; and

WHEREAS, all capitalized terms not otherwise defined herein having the meanings set forth and defined in the Stipulation. *For the reasons set forth on the record at the May 29, 2025 conference:*

NOW THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Court has jurisdiction to enter this Order, over the subject matter of this Action, and over all of the Parties and all Class Members.

2. This Judgment incorporates and makes a part hereof the Stipulation filed with the Court on February 7, 2025.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement set forth in the Stipulation and finds that:

    (a) in light of the benefits to the Class and the complexity and expense of further litigation, the Stipulation and the Settlement described therein are, in all respects, fair, reasonable, and adequate and in the best interest of the Class;

    (b) Lead Plaintiff and Lead Counsel have adequately represented the Class;

    (c) there was no collusion in connection with the Stipulation;

    (d) the Stipulation was the product of informed, arm's-length negotiations among competent, able counsel;

    (e)  the relief provided for the Class is adequate, having taken into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Class, including the method of processing Class Members' Claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; (iv) the proposed award to Lead Plaintiff for his representation of the Class; and (v) any agreement required to be identified under Rule 23(e)(3) of the Federal Rules of Civil Procedure;

    (f)  the proposed Plan of Allocation treats Class Members equitably relative to each other; and

    (g)  the record is sufficiently developed and complete for the Parties to have adequately evaluated and considered their positions.

  4.  Accordingly, the Court authorizes and directs implementation and performance of all the terms and provisions of the Stipulation, as well as the terms and provisions hereof. The Court hereby dismisses the Action and all Released Plaintiff's Claims with prejudice. The Parties are to bear their own costs, except as and to the extent provided in the Stipulation and herein.

  5.  The releases as set forth in ¶4 of the Stipulation (the "Releases"), together with the definitions contained in ¶¶1.1-1.37 relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date.

  6.  Upon the Effective Date, Lead Plaintiff shall, and each and every Released Plaintiff's Persons, including, but not limited to, Class Members (regardless of whether he, she, or it executes and delivers a Proof of Claim and Release form or shares in the Net Settlement Fund), shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed with prejudice each and every one of the Released Plaintiff's Claims (including, without limitation, Unknown Claims) against each and every one of

the Released Defendants' Persons with prejudice, and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, continuing to prosecute, or maintaining in any court of law or equity, arbitration tribunal, or administrative forum any and all of the Released Plaintiff's Claims against any and all of the Released Defendants' Persons, whether or not such Released Plaintiff's Persons execute and deliver the Proof of Claim and Release or share in the Net Settlement Fund.  Lead Plaintiff and each Released Plaintiff Person are bound by this Judgment, including, without limitation, the release of claims as set forth in ¶1.29 of the Stipulation.  The Released Plaintiff's Claims are hereby compromised, settled, released, discharged, and dismissed as against the Released Defendants' Persons on the merits and with prejudice by virtue of the proceedings herein and this Judgment.  Released Plaintiff's Claims expressly exclude: (i) any claims related to the enforcement of the Settlement; (ii) any previously filed shareholder derivative or ERISA claims; or (iii) any claims of any Person who submitted an effective request for exclusion from the Class, of which there are none.

7. Upon the Effective Date, each of the Released Defendants' Persons shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims (including, without limitation, Unknown Claims) against Lead Plaintiff, the Class, and Lead Counsel.  Claims to enforce the terms of the Stipulation are not released.

8. The dissemination of the Notice and the publication of the Summary Notice were implemented in accordance with the Preliminary Approval Order.

9. The form and manner of the notice provided to the Class is hereby determined to have been the best notice practicable under the circumstances, including individual notice to Class Members who could be identified through reasonable effort, and to have been given in full

compliance with each of the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, due process, and all other applicable laws and rules, and it is further determined that all Class Members are bound by this Judgment. No Class Member is relieved from the terms of the Settlement, including the Releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Class Members to object to the proposed Settlement and to participate in the hearing thereon. The Court further finds that the notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, were fully discharged and that the statutory waiting period has elapsed. Thus, it is hereby determined that all members of the Class are bound by this Order and Final Judgment.

10. There have been no objections to the Settlement.

11. Any Plan of Allocation submitted by Lead Counsel or any order entered regarding any attorneys' fees and expenses application, or award to Lead Plaintiff shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment. Separate orders shall be entered regarding approval of the Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and expenses and an award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4).

12. Any appeal or any challenge affecting solely the Court's approval of: (a) the Plan of Allocation submitted by Lead Counsel; (b) any attorneys' fees and expenses application submitted by Lead Counsel; and/or (c) any award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4), shall in no way disturb or affect the finality of the other provisions of this Judgment nor the Effective Date of the Settlement.

13. Neither this Judgment, the Term Sheet, the Stipulation nor the Settlement contained therein (whether or not consummated), including the exhibits thereto and the Plan of Allocation, the

Settling Parties' mediation, the communications and/or discussions leading to the execution of the Term Sheet and the Stipulation, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (including any arguments proffered in connection therewith): (a) is, or may be deemed or construed to be, or may be used as an admission, presumption, or concession of, or evidence of, the validity of any Released Plaintiff's Claim, Released Defendants' Claim or of any liability, negligence, fault, or other wrongdoing of the Released Defendants' Persons; or (b) is, or may be deemed or construed to be, or may be used as an admission, presumption, or concession of, or evidence of, any fault or omission of the Released Defendants' Persons in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. Defendants, Lead Plaintiff, Class Members, Released Plaintiff's Persons, and/or Released Defendants' Persons may file the Stipulation and/or this Judgment in any other action in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, injunction, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. The Court finds that Defendants have satisfied their financial obligations under the Stipulation by paying or causing to be paid $12,000,000.00 to the Settlement Fund.

15. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over Defendants, Lead Plaintiff, and Class Members for all matters relating to the administration, interpretation, effectuation, or enforcement of the Stipulation and this Judgment, including administering and distributing Settlement proceeds to the Class Members.

16. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

17. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and may not be introduced as evidence or reflected in any action or proceeding by any person or entity. In such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Parties shall revert to their respective positions in the Action as of December 9, 2024, as provided in the Stipulation.

18. The Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing amendments, modifications, and expansions of the Stipulation, provided that such amendments, modifications, and expansions of the Stipulation are not materially inconsistent with this Judgment, and do not materially limit the rights of the Class Members under the Stipulation.

19. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

20. This Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Class Members and all Released Plaintiff's Claims are hereby dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

21. There is no reason for delay in the entry of this Judgment and the Court expressly directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED: May 29, 2025

*Jennifer Rochon*
THE HONORABLE JENNIFER L. ROCHON
UNITED STATES DISTRICT JUDGE